UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:00-CR-421 CEJ |
| ) | |
| TERRELL ANTOINE GUY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court upon the motions to reduce sentence filed by defendant Terrell Antoine Guy, pursuant to 18 U.S.C. § 3582(c). The United States has filed a response, stating that defendant's sentence should be reduced.

Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which lowered the base offense level for certain cocaine base offenses. Amendment 706 was added to the list of amendments described in U.S.S.G. Section 1B1.10 (c)---as revised on December 11, 2007---that could be applied retroactively. The reduced base offense levels for cocaine base crimes under U.S.S.G. Section 2D1.1 became retroactively effective March 3, 2008. The effect of the Amendment 706 was to lower the base offense levels by two levels.

After pleading guilty to conspiracy to possess with intent to distribute cocaine base, marijuana and heroin, the defendant

was sentenced to a term of imprisonment of 108 months[1]. The parties agree that the defendant is eligible for consideration under Amendment 706; and, if applied, amendment would result in a new imprisonment range of 87-108 months. However, the defendant does not have an absolute right to receive the benefit of the amendment. Indeed, 18 U.S.C. § 3582(c)(2) provides, in relevant part:

> (c) Modification of an imposed term of imprisonment.---
> The court may not modify a term of imprisonment once it has been imposed except that—
> \*\*\*\*\*
> (2) in the case of a defendant, who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . , the court **may** reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, the statute makes clear that the Court has the discretion to determine whether to reduce a sentence.

In considering the relevant factors set forth in 18 U.S.C. § 3553 (a), the Court has reviewed the presentence report and a report of the defendant's institutional adjustment. The offense

---

[1] The guideline range for imprisonment was 108-135 months, based on a Total Offense Level of 31 and a Criminal History Category of I.

-2-

of conviction involved the defendant's participation in a conspiracy that had as an objective smuggling drugs into a prison facility. During his incarceration, the defendant has violated prison rules by conducting a gambling pool, possessing a hazardous tool, bribing a prison staff member, and introducing drugs or drug items into the facility. To his credit, the defendant has completed educational classes and has participated in the Inmate Financial Responsibility Program.

The information regarding the defendant's misconduct while in prison leads the Court to conclude that the objectives of punishment, deterrence, incapacitation and public safety would not be met by reducing the defendant's sentence.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to reduce sentence is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of March, 2008.